JUDGE FORREST

**11 CIV 8914**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
LESLIE DEUTSCH, on behalf of herself
and the class defined herein,

                Plaintiff,

    v.

CREDIT BUREAU COLLECTION
SERVICES, INC. a/k/a CBCS

                Defendant.
-----------------------------------------------X

**COMPLAINT – CLASS ACTION**

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Credit Bureau Collection Services, Inc. ("CBCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant does business within this District;

    b. The collection communication at issue was received by plaintiff within this district;

    c. Plaintiff resides within this district.

## PARTIES

5. Defendant, CBCS, is a corporation with offices at 236 E Town Street in Columbus, Ohio, 43215 whose principal business is the collection of debts allegedly owed to others.

6. Defendant is a "debt collector" as defined in the FDCPA.

7. Defendant is licensed by the New York City Department of Consumer Affairs as a debt collector.

8. According to its website www.cbcsnational.com, CBCS offers debt collection services.

## FACTS

9. On or about September 10th, 2011 plaintiff received a letter from the defendant. See <u>Exhibit A</u>

10. The plaintiff is a "consumer" as defined by the FDCPA.

11. The letter is a "communication" as defined by the FDCPA.

12. In sending the letter, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes namely the debt was a result of a personal account with AT&T Mobility.

13. In the upper portion of the letter, the letter provides **"Collection Fee $195.15"**

14. Upon information and belief, this fee was not warranted on this account.

## **VIOLATIONS ALLEGED**

15. Defendant's conduct violates 15 U.S.C. §§1692, 1692e and 1692f.

16. Section 1692e provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—

**(A)** the character, amount, or legal status of any debt; or

**(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

17. Defendant violated the above provision of the statute because the 'Collection Fee" of $195.15 is not authorized by the agreement creating the debt.

18. Defendant violated the above provision of the

statute because the letter falsely characterized the debt as including the Collection Fee.

19. Defendant is liable to the plaintiff for statutory damages pursuant to 1692k.

## POLICIES AND PRACTICES COMPLAINED OF

20. It is Defendant's policy and practice of adding unauthorized, unlawful and/or illegal fees to accounts with AT&T Mobility. Specifically, adding a fee called a "collection fee" to accounts.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

22. The class consists of (a) all individuals (b) with a New York address (c) who have received a letter from CBCS (d) in the same form as <u>Exhibit A</u>, specifically stating that CBCS's client is AT&T Mobility (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (e) the letter contains a collection fee.

23. The class is so numerous that joinder of all members is not practicable. The letter has a bar coded address which enables the United States Post Office to deliver mail more efficiently for bulk mailers. On information and belief, this is a form letter and there are at least 40 members of the class.

24. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether an unwarranted and/or an unauthorized "collection fee" violates the FDCPA.

25. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

27. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1)   Statutory damages;

(2)   Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.

Dated:   New York, New York
         November 29, 2011

THE PLAINTIFF

By: _____
Shimshon Wexler
*Attorney for Plaintiff*
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

**Notice of Assignment**

All rights relating to attorneys fees have been assigned to counsel.

_____
Shimshon Wexler

# EXHIBIT A

PO BOX 69
COLUMBUS OH 43216



#BWNDVGT *********AUTO**3-DIGIT 100
#030993141016#  174  0007679
LESLIE DEUTSCH
588 W END AVE
NEW YORK NY 10024-1732



September 3, 2011

***SETTLEMENT OFFER***

**Principal Balance** $1084.14
**Collection Fee** $195.15
**Total Due** $1279.29
Settlement Offer: $511.72

**Our Client: AT&T MOBILITY**    Our Client Account #: 512027664165

## WE WANT TO WORK OUT A PAYMENT ARRANGEMENT WITH YOU!

AT&T MOBILITY placed this delinquent account with us over two months ago for collections. Despite several attempts, we have been unable to resolve this account with you. *If we do not work out a settlement or payment arrangement with you soon, our client may recall this account from our office.* **This may be our last chance to settle with you!**

To keep this account from being recalled from our office, we can offer you a settlement of two payments of $255.86 each, for a total settlement of $511.72. **That is 60% less than you owe!** Just make the first payment of $255.86 by SEP 24 2011, and then pay that same amount by OCT 24 2011.

For your convenience, you may pay us by calling 1-877-405-4706 to set up the payment over the phone. If you are not able to pay under the above terms, contact us at **1-877-405-4706**. We may be able to work with you to offer other payment arrangements, but we can't do that unless we hear from you.

This communication from a debt collector is an attempt to collect a debt, and any information obtained will be used for that purpose.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

**RETURN THIS PORTION WITH YOUR PAYMENT**

**Make Payment To:**

LESLIE DEUTSCH
Account # : 03-99314101           174
Total Due: 1279.29
Settlement Offer: $511.72
AT&T MOBILITY

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW |||
|---|---|---|
| ☐ VISA  ☐ MASTERCARD |||
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE || PHONE # (with area code) |

030993141010012792q